## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RAMAKRISHNA VALLURUPALLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-1255 |
| ) | |
| ROBERT A. MCDONALD, ) | |
| *Secretary of Veterans Affairs*, ) | |
| ) | |
| Defendant. ) | JURY DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, RAMAKRISHNA VALLURUPALLI, by and through his attorney Jonathan C. Goldman of the LAW OFFICES OF GOLDMAN & EHRLICH, CHTD., and complaining of Defendant, ROBERT A. MCDONALD, Secretary of Veterans Affairs, states as follows:

### INTRODUCTION

1. This is an action for discrimination on the basis of race/national origin (Asian/Indian) and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* and age and retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

### JURISDICTION, VENUE AND JURY DEMANDS

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, 42 U.S. §2000e, *et seq.*, and 29 U.S.C. 621 et seq.

3. Plaintiff demands a trial by jury on the Title VII claims.

4. Plaintiff filed his formal complaint of discrimination with the Department of Veterans Affairs Office of Employment Discrimination on or about September 27, 2013. A final agency decision was issued on May 31, 2016, and received on June 6, 2016.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06210828

5. Venue is proper in the District of Missouri, Eastern Division, as the alleged acts occurred herein.

## THE PARTIES

6. Plaintiff, RAMAKRISHNA VALLURUPALLI, is a resident of Chesterfield, Missouri. His race/national origin is Asian/Indian and his year of birth is 1946.

7. Defendant, ROBERT A. MCDONALD, is the Secretary of Veterans Affairs.

## BACKGROUND

8. Plaintiff is a medical doctor specializing in cardiology. In the spring or summer of 2009, Dr. Alan Manet of the St. Louis VA Medical Center told Plaintiff that, at that time, the Agency did not have a funded vacant position, but told Plaintiff to apply for privileges and he would let him know when an opening occurred. About two months later Plaintiff was granted privileges and he began to work at the St. Louis VA doing non-invasive cardiology procedures. He was categorized as volunteer.

9. For the next few years, Plaintiff continued to work on a voluntary basis and subsequent Chiefs of Cardiology and Chiefs of Medicine continued to advise him that the Agency was seeking a vacant funded position for him.

10. In August 2012, the Plaintiff discovered that the hospital hired another doctor for a cardiologist position without notifying him of the opening. Plaintiff was not chosen for the position and he filed an EEO complaint concerning his non-selection in August 2012.

11. Throughout the remainder of 2012 and into 2013, the Plaintiff continued to pursue his claim and attended two mediation sessions which included Amy Joseph, the interim Chief of Staff. Although the mediation sessions did not result in a settlement, Dr. Joseph arranged for the Plaintiff to begin getting paid for his work on a fee basis to make sure the work was completed and indicated that the Defendant would be attempting to get approval to fund a permanent position.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

12. Dr. Joseph and others led the Plaintiff to believe that once a permanent position was funded, it was likely that he would be hired for it since he had been doing the work so well and was the most qualified.

13. In approximately April 2013, Dr. Daniel Goodenberger became the Chief of Staff. In the course of taking over Dr. Joseph's position, Dr. Joseph advised Dr. Goodenberger that the Plaintiff had filed a discrimination claim and that he was seeking a permanent cardiologist position.

14. On or about May 15, 2013, Dr. Goodenberger requested that Human Resources expedite the posting of a cardiologist position because Plaintiff's fee based contract was about to expire and it would cost the Agency "hundreds of thousands of dollars" to continue fee based work. Dr. Goodenberger stated Plaintiff needed to be replaced and that the Cardiology Program Manager had identified a well-qualified applicant to replace Plaintiff.

15. The Non-Interventional Cardiologist position was posted on June 7, 2013. Plaintiff applied and was placed on a list of eligible employees.

16. Initially, Dr. Goodenberger, who was the selecting official, was not aware that the Plaintiff was on the list of eligibles because Human Resources only provided Goodenberger with a computerized version of the list and the Plaintiff was on a hard copy version. But, before a selection was made, Dr. Goodenberger became aware of the Plaintiff's eligibility and rejected him as a candidate without even interviewing him.

17. Dr. Jiafu Ou (Asian/Chinese, younger than Plaintiff, no protected activity) was eventually selected for the position.

## COUNT I - AGE DISCRIMINATION

18. Defendant failed to hire Plaintiff to the Non-Interventional Cardiologist position because of his age (year of birth: 1943) in violation of the Age Discrimination in Employment Act,

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06210828

29 U.S.C. §621, *et seq.* Instead, Defendant hired a younger, less-qualified doctor to the Non-Interventional Cardiologist position.

19. Plaintiff is entitled to back pay for the lost wages and benefits he would have received had he been hired to the Non-Interventional Cardiologist position.

20. In addition, Plaintiff expected to continue working for Defendant as an employee into the future and is therefore entitled to front pay.

21. Defendant's conduct in failing to hire Plaintiff for the Non-Interventional Cardiologist position was willful and wanton, entitling Plaintiff to liquidated damages.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A.    Back pay;

    B.    Front pay;

    C.    Liquidated damages;

    D.    Any other and further relief as this Court deems just.

## COUNT II - RETALIATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

1-17. The Plaintiff realleges paragraphs one through seventeen as paragraphs one through seventeen of this Count II.

18. The Complainant complained of discrimination on the basis of Age.

19. The Selecting official, Dr. Goodenberger, was aware of the Plaintiff's complaint and rejected his application for employment without even interviewing him.

20. The Defendant's conduct constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06210828

21. Plaintiff is entitled to back pay for the lost wages and benefits he would have received had he been hired to the Non-Interventional Cardiologist position.

22. In addition, Plaintiff expected to continue working for Defendant as an employee into the future and is therefore entitled to front pay.

23. Defendant's conduct in failing to hire Plaintiff for the Non-Interventional Cardiologist position was willful and wanton, entitling Plaintiff to liquidated damages.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A. Back pay;

    B. Front pay;

    C. Liquidated damages;

    D. Any other and further relief as this Court deems just.

## COUNT III - DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN

1-17. Plaintiff restates and realleges paragraphs one through seventeen of Count II as paragraphs one through seventeen of this Count III as though fully set forth herein.

18. Defendant failed to hire Plaintiff to a cardiologist position because of his race/national origin a (Asian/Indian) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

19. Defendant hired a less-qualified non-Indian doctor.

20. Plaintiff is entitled to back pay for the lost wages and benefits he would have received had he been hired to the non-invasive cardiologist position.

21. In addition, Plaintiff has suffered mental anguish and emotional distress and is therefore entitled to an award of compensatory damages.

22. Plaintiff is also entitled to reasonable attorney's fees and his costs of suit.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06210828

5

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A.    Back pay;

    B.    Reinstatement or front pay;

    C.    Compensatory damages;

    D.    Reasonable attorney's fees and costs of suit; and

    E.    Any other and further relief as this Court deems just.

## COUNT IV - RETALIATION FOR OPPOSING DISCRIMINATION

1-17.   Plaintiff restates and realleges paragraphs one through seventeen of Count III as paragraphs one through seventeen of this Count IV as though fully set forth herein.

18.   Plaintiff engaged in protected activity which was known by the selecting official.

19.   Defendant failed to hire Plaintiff to the non-invasive cardiologist position because of his protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

20.   Defendant hired a less-qualified individual who the selecting official did not believe had engaged in protected activity.

21.   Plaintiff is entitled to back pay for the lost wages and benefits he would have received had he been hired to the non-invasive cardiologist position.

22.   In addition, Plaintiff has suffered mental anguish and emotional distress and is therefore entitled to an award of compensatory damages.

23.   Plaintiff is also entitled to reasonable attorney's fees and his costs of suit.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A.    Back pay;

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

  B.  Reinstatement or front pay;

  C.  Compensatory damages;

  D.  Reasonable attorney's fees and costs of suit; and

  E.  Any other and further relief as this Court deems just.


Dated: August 2, 2016          /s/Jonathan C. Goldman
                     Jonathan Goldman of THE LAW
                     OFFICES OF GOLDMAN & EHRLICH,
                     CHTD. As attorneys for Plaintiff
                     Ramakrishna Vallurupalli

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06210828